# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ADAMS, <br><br> Plaintiff, <br> vs. <br> CIR LAW OFFICES, LLP, <br><br> Defendant. | CASE NO. 07cv1041-IEG(LSP) <br><br> Order Granting in Part and Denying in Part Motion to Dismiss [Doc. No. 3] |

Plaintiff Robert Adams has filed a Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.32.  Defendant CIR Law Offices moves the Court to dismiss the Complaint in its entirety.  Plaintiff has filed an opposition and Defendant has filed a reply.

The Court found Defendant's motion appropriate for submission on the papers and without oral argument and the hearing date was previously vacated.  For the reasons set forth herein, the Defendant's motion is GRANTED IN PART AND DENIED IN PART.

## *Background*

Plaintiff is an individual allegedly obligated to pay a consumer debt. [Complaint, ¶ 9.] Defendant is a debt collection law firm in San Diego. [Complaint, ¶ 11-13.] Plaintiff's alleged debt was assigned to Defendant for collection. [Complaint, ¶ 20.]

On March 8, 2007, Defendant sent a collection letter to Plaintiff at his home. [Complaint, ¶ 21, Exhibit 1.] On March 14, 2007, Plaintiff sent a letter to Defendant disputing the validity of

1 the debt and advising Defendant to cease all communication with him except to verify the debt.
2 [Complaint, ¶¶ 24-25, Exhibit 2.]  Defendant received Plaintiff's letter on March 19, 2007.
3 [Complaint, ¶ 26.]
4     On March 21, 2007, Defendant send Plaintiff a second dunning letter.  [Complaint, ¶ 27,
5 Exhibit 3.] Defendant's March 21, 2007 letter stated that because Plaintiff had not cooperated with
6 efforts to resolve the debt, "our law office will likely commence judicial action seeking legal
7 remedies pertaining to satisfaction of your indebtedness."  Defendant also advised Plaintiff
8 "[f]ailure to hear from you within 5 days may require us to pursue other collection remedies on
9 behalf of our client." [Complaint, Exhibit 3.]
10     Plaintiff filed this action on June 7, 2007, alleging Defendant's debt collection actions
11 violated 15 U.S.C. §§ 1692g, 1692c(c), and 1692e, as well as Cal. Civ. Code §§ 1788.13(j) and
12 1788.17.  [Complaint, ¶¶ 23-24, 28-29, 31-33.]
13                                       *Discussion*
14     Under Fed. R. Civ. P. 12(b)(6), the court should not dismiss the complaint "'unless it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of the claim would
16 entitle the plaintiff to relief.'"  Hydrick v. Hunter, 466 F.3d 676, 686 (9th Cir. 2006) (quoting
17 Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)).  Generally, the court should only consider
18 the pleadings and not any extraneous materials.  Shaver v. Operating Engineers Local 428, 332
19 F.3d 1198, 1201 (9th Cir. 2003).  However, in ruling on a motion to dismiss under Rule 12(b)(6),
20 the court may consider material which is properly submitted as part of the complaint.  Lee v. City
21 of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).
22 *1.*      *15 U.S.C.* §§ *1692g and 1692c(c)*
23     Plaintiff alleges the Defendant's March 8, 2007 letter violated § 1692g(a) by failing to
24 include all of the notices required by that section. [Complaint, ¶ 23.]  Plaintiff further alleges
25 Defendant's March 21, 2007 letter violated § 1692g(b) because Defendant failed to verify his debt
26 pursuant to his request. [Complaint, ¶¶ 24-28.]  Finally, Plaintiff alleges the March 21, 2007 letter
27 violated § 1692c(c) because the Defendant failed to cease communications pursuant to his request.
28 [Complaint, ¶ 29.]

Section 1692g provides, in pertinent part, as follows:

(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
  (1) the amount of the debt;
  (2) the name of the creditor to whom the debt is owed;
  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from current creditor.

(b) **Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Section 1692c(c) provides as follows:

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –
  (1) to advise the consumer that the debt collector's further efforts are being terminated;
  (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
  (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

Defendant moves to dismiss Plaintiff's claims under § 1692g(a), arguing the March 8, 2007 letter contained all of the notices required by that section. Defendant also moves to dismiss Plaintiff's claims under § 1692g(b) and § 1692c(c), arguing the March 21, 2007 letter was a "fluke" and that it did verify the debt by letter dated May 1, 2007.

The Court finds Defendant's March 8, 2007 letter, attached as Exhibit 1 to the Complaint, satisfied the requirements of § 1692g(a). Defendant's March 8, 2007 letter sets forth, nearly

1 verbatim, the statements required by § 1692g(a).  Plaintiff has not identified any particular notice
2 which was lacking.  Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's
3 claim under § 1692g(a) of the FDCPA.

4 However, the Court DENIES Defendant's motion to dismiss Plaintiff's claim that
5 Defendant's March 21, 2007 letter violated § 1692g(b) and § 1692c(c).  Defendant has submitted
6 declarations by two of its attorneys stating that the March 21, 2007 letter was a "fluke" and should
7 not have been sent when it was.  Defendant argues it is entitled to the bona fide error defense set
8 forth in § 1692k(c) because any error in sending out the March 21, 2007 letter before the debt had
9 been verified was unintentional.  Defendant also argues it eventually sent Plaintiff a letter on
10 May 1, 2007, verifying the debt.  Finally, Defendant argues the March 21, 2007 letter can be
11 construed as setting forth specified remedies that may be taken within the meaning of
12 § 1692c(c)(2) or (3).

13 The Court cannot consider Defendant's arguments regarding the ultimate merit of
14 Plaintiff's claims. Defendant's arguments are based upon the declarations of its attorneys averring
15 that the March 21, 2007 letter was inadvertently sent over the instructions of the attorney assigned
16 to the matter.  On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true
17 the allegations of the complaint and cannot consider extraneous materials without converting the
18 matter into a motion for summary judgment.  Steckman v. Hart Brewing, Inc., 143 F.3d 1293,
19 1296 (9th Cir. 1998); Lee, 250 F.3d at 688.  Plaintiff alleges he notified Defendant in writing that
20 he disputed the debt and that he wanted Defendant to cease communications with him.  Defendant
21 thereafter sent Plaintiff a second letter, before it verified the debt and contrary to his request to
22 cease communications. These allegations are sufficient to state a claim under the FDCPA.

23 The Court also rejects Defendant's argument that the March 21, 2007 letter is an excepted
24 communication under § 1692c(c).  Defendant cites a case from the Sixth Circuit Court of Appeals
25 finding that a letter outlining potential payment options, sent to the consumer following the receipt
26 of a cease communication request, was not a "demand for payment" and therefore came within the
27 exception of § 1692c(c).  Lewis v. ACB Business Services, Inc., 135 F.3d 389, 398-400 (6th Cir.
28 1998).  In Lewis, the disputed letter notified the debtor that the account had been transferred for

collection purposes and invited the debtor to contact the collections agent to discuss a payment arrangement.  The Court of Appeals characterized the letter as a "non-coercive settlement offer." Id. at 399.  Defendant's March 21, 2007 letter, by contrast, notified Plaintiff that "our law office will likely commence judicial action seeking legal remedies pertaining to satisfaction of your indebtedness" and "[f]ailure to hear from you within 5 days may require us to pursue other collection remedies . . . ." [Complaint, Exhibit 3.]  Defendant has not established the March 21, 2007 letter was within the exceptions set forth in § 1692c(c).

Finally, the Court rejects Defendant's argument it is exempt from liability under the FDCPA because it sent the March 21, 2007 letter pursuant to Cal. Civ. Proc. Code § 1033(b). Section 1033(b) provides as follows:

> (b) When a prevailing plaintiff in a limited civil case recovers less than the amount prescribed by law as the maximum limitation upon the jurisdiction of the small claims court, the following shall apply:
> (1)  When the party could have brought the action in the small claims division but did not do so, the court may, in its discretion, allow or deny costs to the prevailing party, or may allow costs in part in any amount as it deems proper.
> (2) When the party could not have brought the action in the small claims court, costs and necessary disbursements shall be limited to the actual cost of the filing fee, the actual cost of service of process, and, when otherwise specifically allowed by law, reasonable attorneys' fees. However, those costs shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant that would include the costs and necessary disbursements allowed by this paragraph.

Defendant argues the March 21, 2007 letter was required by state law in order to recover attorney's fees and costs, and therefore should not be deemed to have violated the FDCPA. However, nothing required Defendant to send the letter after Plaintiff had requested verification of the debt and notified Defendant to cease communication.  Section 1033(b) contains no time requirement except that a plaintiff must be notified "prior to commencement of the action." Defendant has cited no authority to support its argument it should be exempt from liability under FDCPA because it sent the March 21, 2007 letter pursuant to § 1033(b).

*2.* *15 U.S.C. § 1692e and Cal. Civ. Code §§ 1788.13(j) and 1788.17*

Plaintiff alleges Defendant's March 21, 2007 letter, threatening to take legal action, was a threat to take an action that Defendant did not intend to take or that could not be legally taken, or a

1  statement that was false, deceptive or misleading, in violation of 15 U.S.C. § 1692e and Cal. Civ.
2  Code §§ 1788.13 and 1788.17. [Complaint, ¶ 31-33.] Plaintiff alleges Defendant never intended
3  to commence judicial action and/or that Defendant could not legally take such action.

4  Defendant is not entitled to dismissal of the Plaintiff's claims under § 1692e and the
5  California Civil Code. Section 1692e prohibits debt collectors from using "any false, deceptive, or
6  misleading representation or means in connection with the collection of any debt." Similarly, Cal.
7  Civ. Code § 1788.13 prohibits a debt collector from making a "false representation that a legal
8  proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is
9  made." Cal. Civ. Code § 1788.17 requires debt collectors to comply with the requirements of the
10 FDCPA.

11 In its motion to dismiss, Defendant provides declarations by its attorneys stating it plans to
12 file suit against Plaintiff for the collection of the debt as soon as it receives all the appropriate
13 paperwork from the creditor. However, the Court cannot consider these declarations on this
14 motion to dismiss under Fed. R. Civ. P. 12(b)(6). Aside from these factual arguments, Defendant
15 does not cite any authority regarding when a law firm's statement regarding potential legal action
16 constitutes, or does not constitute, a violation of § 1692e or Cal. Civ. Code § 1788.13. Therefore,
17 the Court finds no basis upon which to dismiss Plaintiff's claims under § 1692e and Cal. Civ. Code
18 §§ 1788.13 and 1788.17.

19 The Court also rejects Defendant's argument that it cannot be held liable for violation of
20 the RFDCPA because Plaintiff failed to give Defendant notice and an opportunity to cure the
21 alleged violations pursuant to Cal. Civ. Code § 1788.30(d). Section 1788.30(d) provides that "[a]
22 debt collector shall have no civil liability under this title if, within 15 days either after discovering
23 a violation which is able to be cured, or after the receipt of a written notice of such violation, the
24 debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections
25 are necessary to cure the violation with respect to the debtor." Defendant provides a declaration
26 by counsel that there was no pre-litigation communication between Plaintiff and Defendant, but
27 the Court cannot consider this evidence. Defendant also does not explain how it could have
28 "cured" the alleged violation.

1 | *3.    Damages*

2 |       The Court also denies Defendant's request to dismiss Plaintiff's demand for damages.

3 | Plaintiff seeks statutory damages in the amount of $1,000 for violation of the FDCPA, statutory

4 | damages in the amount of $1,000 for violation of the RFDCPA, and attorney's fees and costs.

5 | Defendant argues Plaintiff's demand is excessive but provides no legal support for its argument.

6 | The damages demanded by Plaintiff in his complaint are those called for under the relevant

7 | statutes, and there is no legal ground for their dismissal.

8 | *4.    Defendant's Request for Fees and Costs*

9 |       Finally, Defendant argues it is entitled to fees and costs pursuant to Cal. Civ. Code

10 | § 1788.30(c) which allows for the recovery of attorneys fees by a prevailing creditor where the

11 | debtor's prosecution of the case "was not in good faith."  However, Defendant is not a prevailing

12 | party at this point in the proceedings.

13 | *Conclusion*

14 |       For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART

15 | Defendant's motion to dismiss.  The Court GRANTS Defendant's motion and DISMISSES with

16 | prejudice Plaintiff's claim that Defendant violated the notice requirements of 15 U.S.C. § 1692g(a)

17 | [Complaint, ¶ 23].  The Court DENIES the remainder of Defendant's motion.

18 |       **IT IS SO ORDERED**.

20 | **DATED: August 29, 2007**

21 | *[signature]*
22 | **IRMA E. GONZALEZ, Chief Judge**
     **United States District Court**